IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC F. AICHER,

       Plaintiff,

v.                                              CIV 13-1135 WJ/KBM

LEA COUNTY
CORRECTIONAL FACILITY, et al.,

       Defendants.

## ORDER DENYING APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff''s Motion for Appointment of Counsel *(Doc. 3 )*. Plaintiff has no constitutional right to counsel in this matter nor is counsel automatically appointed upon request. *See, e.g., Parker v. Bruce,* 109 F. App'x 317, 321 (10th Cir. 2004). In considering whether to appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

Plaintiff alleges that he missed a telephonic state court hearing because his caseworker "didn't do her job" by failing to call him in for that hearing. Doc. 1

at 9.  Thus, the issues appear few and relatively straightforward, and Plaintiff does not assert any attempts to secure the services of an attorney.  Moreover, this matter has not yet passed the *Martinez* Report stage when the Court ascertains whether there are any claims for relief that should go forward.  Until the Court makes that initial determination and under these circumstances, I find appointment of counsel is not warranted.

    Wherefore,

    **IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel *(Doc. 3)* is **denied without prejudice.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE