IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC F. AICHER,

    Plaintiff,

     v.                                                                          No. CIV 13-1135 WJ/KBM

LEA COUNTY CORRECTIONAL FACILITY,
SGT. ALVARADO, MS. PEEPLES - CASEWORKER,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint and his Motion to Amend Complaint Damages (Doc. 16) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court is Plaintiff's Motion to Excuse Initial Partial Payment (Doc. 11). For reasons set out below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants failed to allow Plaintiff to attend a telephonic hearing in his state court civil action. As a result, even though he had "a strong case" (Doc. 16), the state court dismissed his complaint because of his failure to appear. Plaintiff alleges that his caseworker, Defendant Peeples, had scheduled the phone call but forgot to ensure his attendance. He asked Defendant Alvarado to take him to the hearing, but Alvarado refused. The complaint asserts that the actions of the individual Defendants violated Plaintiff's right of access to the courts. He also asserts a negligent hiring claim against the Defendant correctional facility.

Plaintiff's allegations appear to state a claim under 42 U.S.C. § 1983. " '[S]tates may not erect barriers that impede the right of access of incarcerated persons.' Thus, although *Lewis* [*v. Casey*, 518 U.S. 343 (1996)] limits the types of cases in which the prison must provide affirmative assistance, it does not give free reign to prison authorities to interfere with and impede a prisoner's pursuit of other legal actions." *Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010) (citations omitted). Here, Plaintiff has adequately alleged that Defendants' actions led "directly and inextricably . . . to the adverse disposition of his underlying case." *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005) (citation omitted).

On the other hand, no relief is available under § 1983 on Plaintiff's allegations against Defendants Peeples and Lea County Correctional Facility. Plaintiff's only allegation against Defendant Peeples is that she forgot the appointment for the hearing. Although the statute itself contains no standards by which to measure Defendant's conduct, *see Parratt v. Taylor*, 451 U.S. 527, 534 (1981), the Supreme Court has ruled that negligence is not actionable under § 1983, *see County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998); *Daniels v. Williams*, 474 U.S. 327, 328

(1986). Furthermore, a correctional facility is not a suable entity. *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *Buchanan v. State of Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010). The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Excuse Initial Partial Payment (Doc. 11) and Motion to Amend Complaint Damages (Doc. 16) are DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Peeples and Lea County Correctional Facility are DISMISSED, and Defendants Peeples and Lea County Correctional Facility are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 16) and this Order, for Defendant Alvarado.

_____
UNITED STATES DISTRICT JUDGE

3