IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC F. AICHER,

    Plaintiff,

v.                                                                                            CIV 13-1135 WJ/KBM

SGT. ALVARADO,

    Defendant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

    THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment (*Doc. 23*), filed November 14, 2014. The Honorable William P. Johnson had previously referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 4.* For the reasons below, the Court recommends that this matter be dismissed for Plaintiff's failure to exhaust available prison grievance procedures. Additionally, the Court finds that Plaintiff's claim against Defendant is without merit and, therefore, alternatively recommends summary judgment be entered in favor of Defendant on the merits.

## I.  Background

    At the time he filed his Complaint, Plaintiff Eric Aicher ("Plaintiff") was an inmate in the custody of the New Mexico Corrections Department. *Doc. 1* at 1. He brought this civil rights action, *pro se*, pursuant to 42 U.S.C. § 1983, alleging that Defendants

violated his due process rights by failing to allow him to attend a telephonic status conference in a separate lawsuit that he had initiated in state district court. *See id.* Plaintiff alleges that he "pretty much lost [his] case" as a result of his inability to participate in a November 18, 2013 status conference. *Id.*

On June 9, 2014, this Court dismissed Plaintiff's claims against Defendant Peeples and Lea County Correctional Facility. *Doc. 18*. Although the Court determined that Plaintiff had adequately alleged that "Defendants' actions led 'directly and inextricably . . . to the adverse disposition of his underlying case," it determined that no relief was available on Plaintiff's claims against Defendant Peeples and Lea County Correctional Facility. *Doc. 18* at 2. As a result, only Plaintiff's § 1983 claim against Defendant Sgt. Alvarado ("Defendant Alvarado") remains.

Defendant Alvarado is a member of the security staff at Lea County Correctional Facility ("LCCF"), where Plaintiff was housed at the filing of his Complaint. *Doc. 1* at 1. Plaintiff alleges that he asked Defendant Alvarado to take him to participate in a telephonic court hearing in the office of his caseworker but that Defendant Alvarado refused to do so. *Id.* at 2. Asserting a violation of his due process rights, Plaintiff seeks damages in the amount of $250,000 against Defendant Alvarado. *Doc. 1* at 5.

The telephonic court hearing concerned Plaintiff's lawsuit that he had filed in state district court on July 26, 2013. In that case, Plaintiff alleged that he was subjected to physical and sexual abuse while housed at the Socorro County Jail some eleven years earlier. *Doc. 23*, Ex. F. Plaintiff named as defendants his former attorney, Richard Marquez ("Marquez"), and a former facility administrator, Dorothy Apodaca ("Apodaca"). *Id.* Marquez moved for dismissal of the claims against him, arguing that the allegations

failed to state a claim and such claims were time-barred. *Doc. 23*, Ex. G. Plaintiff filed a written response, and Marquez replied. *Doc. 23*, Ex. H. The state court dismissed Plaintiff's claims against Marquez without a hearing on October 25, 2015. *Doc. 23*, Ex. I. At the time of this dismissal, the other named defendant, Apodaca, had not yet answered Plaintiff's complaint. *Doc. 23*, Ex. H. On October 29, 2013, the state court set a status conference in the case for November 18, 2013. *Doc. 23*, Ex. J. Two days later, counsel entered an appearance for Apodaca and filed a motion to dismiss Plaintiff's remaining claims based upon the applicable statute of limitations under the New Mexico Tort Claims Act. *Doc. 23*, Ex. G.

The state court held the status conference as scheduled on November 18, 2013, but Plaintiff did not appear. *Doc. 23*, Ex. L. The minutes from the conference reflect that the state court did not rule upon Apodaca's motion to dismiss at the time of the conference, noting that Plaintiff was "still within time limits to respond to motion." *Id.* The judge advised Apodaca's attorney to wait for two weeks for a response from Plaintiff and, if no response was filed, to submit a proposed order dismissing the case. *Id.* Plaintiff never responded to Apodaca's motion to dismiss, though he did file a motion to reschedule the status conference and a motion for contempt. *Doc. 23*, Ex. H. After allowing Plaintiff well over a month from the filing of Apodaca's motion to dismiss, the state court judge, having received no response, entered an Order granting the motion and dismissing with prejudice Plaintiff's remaining claims on December 6, 2013. *Doc. 23*, Ex. M.

In the present action, Plaintiff asserts a single cause of action against Defendant Alvarado for violation of his due process rights in refusing to permit him to participate in

the November 18, 2013 status conference in his state court action. Defendant Alvarado moves for summary judgment based upon Plaintiff's failure to exhaust available administrative remedies as well as on the merits of Plaintiff's claims.

At the time of the November 18, 2013 status conference, a policy governing inmate grievances was in effect at LCCF. *Doc. 23*, Ex. A & C. The applicable policy required inmates to take three steps to exhaust their administrative remedies: (1) to submit an Inmate Informal Complaint within five (5) days of the incident at issue; (2) if the informal effort failed to resolve the complaint within five working days, to submit a formal grievance within twenty (20) days of the incident at issue; and (3) if the inmate was dissatisfied with a decision by the Warden on the formal grievance, to submit a Department-level appeal to the Secretary of Corrections. *Id.* According to the grievance policy, an inmate's administrative remedies were exhausted upon completion of the grievance process through the Department-level appeal. *Doc. 23*, Ex. B, at 2.

The policy explicitly provided that the "[e]xpiration of a time limit at any stage without a decision will not be deemed a denial of the grievance and will entitle the grievant to move on to the next level for review." *Id.* at 3. In other words, the failure of facility staff to respond to an inmate's informal complaint within five (5) days would not constitute the exhaustion of remedies. Instead, the failure to respond entitled the inmate to proceed to the filing of a formal grievance, which he was required to do within twenty (20) days of the incident at issue. *Doc. 23*, Ex. D.

Here, Plaintiff submitted three informal complaints regarding his inability to attend the state court telephonic status conference. *See Doc. 23*, Ex. E. The grievance officer accepted Plaintiff's first informal complaint for review but rejected the other two

complaints because they were redundant. *Doc. 23*, Ex. A. at 2. Plaintiff did not file a formal grievance within twenty (20) days of the incident, nor did he file a Department-level appeal. *Id.*

## II.  Legal Standards[2]

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment. *See Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

A *pro se* litigant's pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet, despite being *pro se*, a non-moving party must still "identify specific facts that show the existence of a genuine issue of material fact." *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). Conclusory allegations are insufficient to establish an issue that would defeat the motion. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1180 (10th Cir. 2013).

Under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA,"), a prison inmate must complete the prison's administrative process before filing suit regarding prison conditions. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). An inmate

---

[2] Plaintiff's response to Defendants' motion for summary judgment (*Doc. 24*) and his surreply (*Doc. 27*) do not comply with this District's local rules.  Local Rule 56.1(b) provides that any material facts by the movant that are not specifically controverted by the non-movant will be "deemed undisputed."  D.N.M.LR-Civ. 56.1(b).  Defendant's motion set forth twenty undisputed material facts, which were properly supported.  *See Doc. 23.* Plaintiff's response failed to number or specifically controvert any of these facts. *See Doc. 24.*  As a result, the Court could simply deem Defendant Alvarado's facts undisputed under this local rule.  However, even without the operation of Local Rule 56.1, Plaintiff fails to withstand summary judgment or to create a genuine issue of material fact.

must fully exhaust the grievance process by "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). If an inmate does not exhaust his administrative remedies, the court has no choice but to dismiss his claims. *See Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001). In other words, a court has no discretion to dispense with prison grievance procedures. *Booth v. Churner*, 532 U.S. at 738-41. An inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The PLRA's exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

In actions governed by the PLRA, the burden of proof regarding the exhaustion of administrative remedies lies with the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). The defendant must prove that (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust those remedies. *Purkey v. CCA Det. Ctr.*, 263 F. App'x. 723, 726 (10th Cir. 2008). If the defendant meets this burden, the burden shifts to the plaintiff to demonstrate the existence of a disputed material fact. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

### III.  Analysis

Defendant Alvarado raises two grounds for dismissal of Plaintiff's claims against him.  First, he argues that Plaintiff failed to exhaust his administrative remedies. Second, he contends that Plaintiff has failed to create a genuine issue of material fact

as to an actual injury. Given that the lack of exhaustion is a preliminary and dispositive consideration, the Court considers it first.

### A. Exhaustion of Administrative Remedies

Because Plaintiff was incarcerated at the filing of his Complaint in this case, and his claims arise out of prison life, the exhaustion requirements of the PLRA apply. Defendant has submitted evidence, that the applicable Inmate Grievance procedure in effect at LCCF required three steps: an informal complaint, a formal grievance, and a Department-level appeal. Moreover, the applicable procedure defines exhaustion of administrative remedies as the completion of the entire procedure through the Department-level appeal. It also specifies that the submission of an informal complaint, even if no response is received thereto, does not constitute the exhaustion of administrative remedies.

Here, the undisputed facts establish that Plaintiff submitted three informal complaints regarding his inability to attend the November 18, 2013 status conference in his state court case and that only one was accepted by the grievance officer. In his response brief, Plaintiff states as follows: "I did file an informal as well grievance, however grieveances are not always filed nor answered here at LCCF by Ms. Elizando our grieveance officer of whom is not an officer as to Dept. of Correction policy but an employee of LCCF given this title." *Doc. 24* at 3 (misspellings in original). Construing this statement in Plaintiff's favor, he may be alleging that he filed a formal grievance after not receiving a response to his informal grievance. Yet, he alleges in his surreply that "it wouldn't have mattered if [he] filed a grieveance or not," as it "wouldn't have got [him] back into court," which suggests that he concedes that he did not file a formal

grievance. *Doc. 27* at 1. The Court also notes that Plaintiff's Complaint, which was filed with this Court on November 26, 2013, indicates that it was prepared and signed by Plaintiff on November 18, 2013, the very day that Plaintiff filed his informal complaint with the LCCF grievance officer. This further undermines any contention that Plaintiff engaged in the grievance process and filed a formal grievance before filing suit in this Court. But regardless of whether Plaintiff alleges that he filed a formal grievance, such a conclusory allegation unsupported by any evidence is insufficient to refute the affidavit and documentary evidence provided by Defendant, which establish that Plaintiff did not, in fact, pursue a formal grievance.

The applicable grievance policy also required inmates to proceed beyond a formal grievance to a third level of review. That is, even after submission of a formal grievance, an inmate had an obligation to submit a Department-level appeal to the Secretary of Corrections. There is no evidence or even an allegation that Defendant satisfied this obligation. Accordingly, Plaintiff has failed to establish a genuine issue of material fact as to the exhaustion of administrative remedies.

Additionally, the lack of a response to Plaintiff's informal complaint did not excuse Plaintiff from proceeding to a formal grievance or to the Department-level appeal. The applicable grievance policy makes clear that the facility's failure to respond merely entitles an inmate to proceed to the next phase of the process, not to bypass any steps in the grievance process. When a prison's policies grant leave to appeal even when the inmate has not received a response to his grievance, the prison's failure to respond does not excuse a failure to exhaust. *See Smith v. Beck*, 165 F. App'x 681, 685 (10th Cir. 2006).

To the extent that Plaintiff makes a futility argument -- e.g., "It wouldn't have mattered if I filed a grievance or not" (*Doc. 27* at 1) -- this argument is also unavailing. There is no futility exception to the PLRA's exhaustion requirement. *See Booth v. Churner*, 532 U.S. at 741 n.6. Instead "exhaustion is required even when the administrative process does not afford the type of relief sought by the prisoner." *Burnett v. Jones*, 437 F. App'x 736, 742 (10th Cir. 2001).

Simply put, Defendant Alvarado has carried his burden on summary judgment by establishing that Plaintiff failed to exhaust his administrative remedies prior to filing suit in this Court. Plaintiff, on the other hand, has failed to establish the existence of any genuine issue of material fact for trial. Accordingly, Plaintiff's claims must be dismissed pursuant to § 1997e(a) for failure to exhaust administrative remedies.

Although dismissals for failure to exhaust are made without prejudice, s*ee Wilson v. Benzona*, 485 F. App'x 976, 978 (10th Cir. 2012), here, any dismissal for failure to exhaust is effectively with prejudice. The grievance procedure required Plaintiff to file a formal grievance within twenty (20) days of the incident giving rise to the complaint and to file a Department-level appeal within seven (7) days of the Warden's decision, which he, of course, failed to do. As such, no further relief is available to Plaintiff under the prison grievance policy.

## B. Actual Injury

The Court also considers Defendant Alvarado's briefing on the merits of Plaintiff's claims and recommends, alternatively, that the Court dismiss Plaintiff's Complaint based upon Plaintiff's failure to create a genuine issue of material fact as to an actual injury.

To establish a violation of the right to access the courts, an inmate must demonstrate "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). For example, an inmate may establish actual injury by proving that deficiencies in a prison's legal assistance programs caused a complaint to be dismissed for failure to satisfy a technical requirement. *Id.*

In his Complaint, Plaintiff alleges that Defendant Alvarado's refusal to allow him to attend the November 18, 2013 telephonic status conference "pretty much" caused him to lose his case on the basis of his absence. While this Court previously determined that Plaintiff stated a claim under Federal Rule of Civil Procedure 12(b)(6), Doc. 18, the Court now reviews his claim under Federal Rule of Civil Procedure 56. Applying the Rule 56 standard, the state court docket, pleadings, and orders, of which the Court may take judicial notice under Fed. R. Evid. 201, demonstrate that Defendant Alvarado is entitled to summary judgment. More specifically, undisputed material facts establish that Plaintiff's failure to appear for the status conference did not cause or contribute to the dismissal of his state court action.

At the time of the November 18, 2013 status conference, Plaintiff's claims against Marquez, his former attorney, had already been briefed and dismissed based upon the expiration of the statute of limitations and the lack of a discernable legal theory. Four days after the dismissal of these claims, the Court set the status conference at issue. Before that status conference took place, the remaining defendant, Apodaca, filed a motion to dismiss based upon Plaintiff's failure to file his complaint within two years as required by the New Mexico Tort Claims Act. According to the minutes from the

November 18, 2013 status conference, the state court judge declined to rule on Apodaca's motion to dismiss, noting that Plaintiff's time to respond had not yet run. The court instructed Apodaca's counsel to submit a proposed order if Plaintiff did not respond within two weeks. The state court ultimately granted Apodaca's motion to dismiss, but not before affording Plaintiff more than a month to respond to the merits of the motion. Plaintiff never responded to the motion instead filing a motion to reschedule the status conference and a motion for contempt. Additionally, Plaintiff did not appeal the state court's order of dismissal. He merely filed a post-judgment "Motion for Opposition," in which he complained about his inability to attend the November 18, 2013 status conference, but he did not respond to Apodaca's statute of limitation arguments.

In sum, Plaintiff's claims against Marquez were dismissed on the merits after briefing by the parties well in advance of the November 18, 2013 status conference, and his claims against Apodaca were dismissed after he failed to respond to Apodaca's motion to dismiss, though he was given ample time to do so. There is no indication from the state court record or documents that Plaintiff's failure to appear at the November 18, 2013 status conference contributed in any way to the dismissal of his claims. To the contrary, the only determination made by the state court at that status conference was to provide Plaintiff additional time to respond to Apodaca's motion to dismiss before entertaining a proposed order of dismissal.

In his response brief, Plaintiff explains: "I feel that my case in District Court could have been in my favor that I was not allowed to attend by Sgt. Alvarado[']s refusal to get me there as I was court ordered." *Doc. 24* at 2. Then, in his surreply, he concedes that there was "*no actual loss* from Sgt Alvarado not taking [him] to [his] court ordered

-11-

telephonic hearing, but a potential loss." *Doc. 27* at 1 (emphasis added).  Plaintiff's conclusory statements regarding some "potential loss" do not establish that his failure to attend the November 18, 2013 status conference caused the dismissal of his state court action, nor do they establish that his nonappearance somehow hindered his efforts to pursue a nonfrivolous claim in state court. Because Plaintiff has failed to come forward with any evidence to demonstrate actual injury from Defendant Alvarado's conduct, Defendant Alvarado is entitled to summary judgment in his favor on the merits.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the presiding judge either dismiss this action without prejudice for failure to exhaust or, alternatively, grant Defendant's Motion for Summary Judgment (*Doc. 23*) on the merits, and dismiss this action with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE