IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

       Plaintiff,

vs.                                           No. CIV 13-1135 WJ/KBM

SGT. ALVARADO,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Chief Magistrate Judge's

Proposed Findings and Recommended Disposition (*Doc. 28*), filed June 16, 2015, and

on Plaintiff's Objection to Proposed Findings and Recommended Disposition of Case

(*Doc. 29*), filed on July 2, 2015.

The matter was referred to the Chief Magistrate Judge Molzen for a report and

recommendation pursuant to 28 U.S.C. § 636(b). *Doc. 4.* Judge Molzen issued her

Proposed Findings and Recommended Disposition ("PF&RD") on June 16, 2015,

recommending that the Court dismiss the action without prejudice for failure to exhaust

or, alternatively, grant Defendant's Motion for Summary Judgment on the merits and

dismiss the action with prejudice. *Doc. 28.*

After the filing of the PF&RD, Plaintiff filed his Objections on July 2, 2015

(*Doc. 29*), and Defendant filed his Response to Plaintiff's Objections on July 13, 2015

*(Doc. 30).* As part of the Court's *de novo* review of the PF&RD, the Court will consider

Plaintiff's Objections to the Magistrate Judge's PF&RD as well as Defendant's response thereto.

In his Objections, Plaintiff challenges the Magistrate Judge's recommendation that his claim be dismissed for failure to exhaust administrative remedies as well as her recommendation, in the alternative, that the Court grant summary judgment to Defendant based upon Plaintiff's failure to come forward with any evidence to demonstrate actual injury from Defendant Alvarado's conduct. The Court addresses Plaintiff's objections to each recommendation in turn.

The failure to exhaust administrative remedies is an affirmative defense and not a pleading requirement. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Consequently, Defendant bore the burden of proving that Plaintiff did not utilize the available administrative remedies.  *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). Once Defendant satisfied that burden, as he did here in his Motion for Summary Judgment, the onus fell upon Plaintiff to specifically show that either he exhausted administrative remedies or that they were unavailable. *See id.*

First, in an apparent effort to establish that administrative remedies were unavailable to him, Plaintiff contends that under New Mexico Correction Department's Inmate Grievances Policy CD 150500, effective September 1, 1990, his claims against Defendant Alvarado were not grievable. *Doc. 29* at 2. Plaintiff specifically refers to Policy CD-150500(E)(2)(a), which provides that "any matter over which the Corrections Department has no control, for example: parole decisions, sentences, and claims regarding inmate compensation" is not grievable. *See* CD 150500(E)(2)(a) (revised 3/31/15). Policy CD 150500(E)(2)(a), however, does not place Plaintiff's allegations

against Defendant Alvarado – the purported interference with his attendance at a telephonic court hearing – outside the scope of the Grievance Policy. *See id*. Defendant Alvarado's alleged conduct was not a parole decision, not a sentence, and not related to inmate compensation. Further, permitting inmates' attendance at telephonic court hearings was a matter over which the Corrections Department maintained and exercised control. Indeed, according to Plaintiff's own allegations, Defendant Alvarado, an agent of the Department of Corrections, declined to deliver him to the office of his caseworker for participation in the telephonic court hearing. Plaintiff's position that his claim against Defendant Alvarado was not grievable pursuant to Policy CD 150500(E)(2)(a) is without merit.

Plaintiff also argues, for the first time, that when he commenced the grievance process, he was told by the grievance officer that he "could not file . . . that it wasn't a Grievable Grievance." *Doc. 29* at 2. In contrast, Plaintiff previously suggested in his response to Defendant's Motion for Summary Judgment, that he filed both an informal complaint as well as a formal grievance. *See Doc. 24* at 3 ("I did file an informal as well grievance, however grievances are not always filed nor answered here at LCCF. . .") (misspellings in original).

The uncontroverted evidence before the Court indicates that the grievance officer accepted Plaintiff's first informal complaint for review but rejected two subsequent complaints pertaining to Defendant Alvarado's refusal to permit Plaintiff's participation in the November 18, 2013 telephonic court hearing on the basis of redundancy. Thus, the evidence confirms that Plaintiff **was** advised by the grievance officer that he could not

file two of his informal complaints, but not because his complaint against Defendant Alvarado was "not grievable."

Plaintiff's contention that the grievance officer advised him that his grievance was not grievable is akin to an argument that prison officials prevented him from pursuing administrative relief, thus rendering administrative remedies unavailable. Notably, there is a recognized exception to the exhaustion requirement when a prison official prevents, thwarts, or hinders an inmate's efforts to exhaust administrative remedies. *See Tuckel*, 660 F.3d at 1252. The Tenth Circuit has reasoned that "the plain meaning of 'available' indicates that if a prisoner is hindered from utilizing the grievance procedure, then that grievance is not available." *Baldauf v. Garoutte*, 137 F. App'x 137, 141 (10th Cir. 2005). Plaintiff, however, bears the burden of proving prison officials impeded his exhaustion efforts. *See Tuckel*, 660 F.3d at 1254. The Tenth Circuit uses a two-part test to determine whether a prison official's threats or actions were sufficiently serious to render the grievance process unavailable.  *Id.* at 1252-53. First, the inmate must subjectively show that the action "did deter the plaintiff from lodging a grievance or pursing a particular part of the prison administrative process." *Id.* Second, he must objectively prove that the action "would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administrative process the inmate failed to exhaust." *Id.*

Beyond his bald, contradictory assertion that the grievance officer advised him that his grievance was not grievable, Plaintiff has made no showing that his attempts at exhaustion were in fact impeded by prison officials. For instance, Plaintiff does not assert, let alone provide evidence, that the grievance officer actually refused to provide

4

him with a grievance form or otherwise prevented him from exhausting administrative remedies. Nor does Plaintiff contend that the grievance officer was the only source of grievance forms or that he made any other effort to obtain forms or file a grievance without a form. *See Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001). Rather, Plaintiff contends that "when [he] started [his] grievances against Sgt. Alvarado [he] was told by . . . the grievance officer [that he] could not file, that it wasn't a grievable grievance thus for filing in court." *Doc. 29* at 2.

The Court is not convinced that a grievance officer advising an inmate that his proposed grievance was not grievable, without simultaneously refusing to provide a grievance form or intimidating Plaintiff in any way, would necessarily "deter a reasonable inmate of ordinary firmness and fortitude form lodging a grievance." *See Tuckel*, 660 F.3d at 1249; *see also Black v. Hogan*, 10cv0499 JCH/KBM, *Doc. 111* at 9 (D.N.M. April 1, 2013) (concluding that absent some sort of active intimidation or threat, a refusal to provide a grievance form alone would not deter a reasonable inmate of ordinary firmness and fortitude from exhausting administrative remedies given that the plaintiff could have filed a grievance against the officer for failing to provide the form). This is particularly true where, as here, the inmate's complaint is squarely within the scope of the facility's grievance policy. *See* Policy CD 150500(E)(2)(a).

In sum, the Court agrees with the Magistrate Judge that Defendant Alvarado met his initial burden of proving that administrative remedies were in fact available to Plaintiff and that he failed to exhaust those remedies. *See Tuckel*, 660 F.3d at 1254 Defendant Alvarado produced evidence demonstrating that Plaintiff failed to complete the applicable grievance process. Plaintiff, on the other hand, has not, even in his

objections, gone beyond the pleadings to set forth with specificity the existence of disputed material facts in this regard. Rather, Plaintiff merely makes a conclusory allegation, unsupported by affidavits or other evidence, that a grievance officer advised him that his complaint against Defendant Alvarado was not grievable. Such an allegation, without more, fails to establish that the grievance process was rendered unavailable. For these reasons, the Court overrules Plaintiff's objections as to the Magistrate Judge's recommendation that his Complaint be dismissed for failure to exhaust administrative remedies.

As to the Magistrate Judge's recommendation on the merits, Plaintiff argues that he "never received a motion from Apodaca's attorney nor Her with a motion to dismiss." *Doc. 29* at 1. The motion to dismiss that Plaintiff references is presumably the one filed by Dorothy Apodaca, the former facility administrator at the Socorro County Jail, in a separate lawsuit that Plaintiff filed in state district court on July 26, 2013. *See Doc. 23*, Ex. K. In that case, Plaintiff alleged that he was subjected to physical and sexual abuse while housed at the Socorro County Jail some eleven years earlier. *Doc. 23*, Ex. F.

Ms. Apodaca's co-defendant, Richard Marquez, moved to dismiss Plaintiff's claims against him, arguing that that the eleven-year-old claims were time-barred. *Doc. 23*, Ex. G. More particularly, Marquez argued that Plaintiff's claims were asserted outside both the three-year statute of limitation for negligence claims and the four-year statute of limitations for malpractice claims. *Id.* The state court found Marquez's motion well-taken and dismissed with prejudice Plaintiff's claims against him on October 25, 2015. *Doc. 23*, Ex. I. Thereafter, Ms. Apodaca filed a similar motion to dismiss in which she argued that Plaintiff's claims against her were also time-barred, in her case under

6

the New Mexico Tort Claims Act's two-year statute of limitation. *See Doc. 23*, Ex. K

(relying upon N.M.S.A. § 41-4-15(a), which provides that lawsuits brought against

governmental actors and public employees must be filed "within two years after the date

of occurrence resulting in loss, injury or death.").

Plaintiff does not articulate how his failure to receive a copy of Ms. Apodaca's

motion to dismiss contributed to Defendant Alvarado's alleged violation of his civil rights.

Presumably, Plaintiff is suggesting that had Defendant Alvarado permitted him to

appear at the November 18, 2013 telephonic court hearing, he would have learned that

Ms. Apodaca had filed a motion to dismiss to which he could have responded, saving

himself from a dismissal of his claims on the merits. The Court is not persuaded,

however, that the dismissal of Plaintiff's claims in this state court lawsuit hinged upon

Plaintiff's inability to attend the November 18, 2013 hearing or even his failure to

respond to Apodaca's motion to dismiss. After all, the state district court had already

dismissed Plaintiff's eleven-year old claims against Mr. Marquez as untimely and simply

proceeded to do the same, albeit relying on a different statute of limitation, with respect

to Ms. Apodaca.

The Court agrees with the Magistrate Judge that Plaintiff's conclusory statements

regarding some "potential loss" do not establish that his failure to attend the November

18, 2013 court hearing caused the dismissal of his state court action. Moreover, Plaintiff

has made no showing that the claims he was pursuing in state court were nonfrivolous,

arguable, or "more than hope."  *See Christopher v. Harbury*, 536 U.S. 403, 415-16

(2002). To the contrary, the Court's evaluation of the state court record leads it to

conclude that Plaintiff's claims against Ms. Apodaca were wholly untenable given the

significant time that had passed since the underlying conduct allegedly occurred. The Court, therefore, overrules Plaintiff's objections as to the Magistrate Judge's recommendation that the Court grant summary judgment to Defendant based upon Plaintiff's failure to come forward with any evidence to demonstrate actual injury from Defendant Alvarado's conduct.

In conclusion, having conducted a *de novo* review of the briefs, including Plaintiff's Objections, the Court adopts Chief Magistrate Judge Molzen's findings and conclusions and overrules Plaintiff's Objections.

**IT IS HEREBY ORDERED** that:

1) The Chief Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 16, 2015 (*Doc. 28*) is adopted;

2) Plaintiff's Complaint under 42 U.S.C. § 1983 (*Doc. 1*), filed November 25, 2013, will be dismissed without prejudice for failure to exhaust administrative remedies; and

3) A Final Order pursuant to Rule 58 of the Federal Rules of Civil Procedure be entered dismissing this action without prejudice.

_____
UNITED STATES DISTRICT JUDGE